



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 11, 2023

**BY ECF**
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Kodi Glenn, S1 22 Cr. 264 (NRB)**

Dear Judge Buchwald:

      The Government respectfully submits this letter in advance of the sentencing of the defendant, Kodi Glenn. The parties and the Probation Office agree that the applicable Guidelines sentence is 84 months' imprisonment, which is also the mandatory minimum term of imprisonment. The Government respectfully submits that a Guidelines sentence of 84 months' imprisonment is sufficient, but not greater than necessary, in this case.

## I.  Background

### A.  Offense Conduct

      On March 31, 2022, the defendant, Kodi Glenn, shot a man ("Victim-1") on a public street, striking him in the leg. That afternoon, Glenn was hanging out in the vicinity of East 126th Street and Lexington Avenue, in Manhattan. He went for a walk around the block, which took him past a subway stop at East 125th Street and Lexington Avenue (the "Subway Stop"). As Glenn walked past the Subway Station, Victim-1 made a comment to Glenn, which prompted Glenn to double back and have a brief argument with Victim-1.

      After the argument, Glenn went straight to his apartment building, which was just a few blocks away. Glenn spent a few minutes inside his apartment, then re-emerged, wearing different clothing and a facemask. Glenn walked straight back to the Subway Stop, where Victim-1 was still standing. Glenn drew a gun, fired multiple shots in Victim-1's direction, then fled back to his apartment building. Law enforcement officers responded to the Subway Stop minutes later, where they found Victim-1, with a gunshot wound to the leg.

      A little under a month later, on April 25, 2022, the Honorable Gabriel W. Gorenstein authorized a complaint, charging Glenn with being a felon in possession of ammunition, in connection with shell casings recovered from the scene of the shooting. Officers arrested Glenn on April 27, 2022 and simultaneously executed a search warrant on his apartment. During the search they found, among other things: (i) a loaded 40 caliber pistol; (ii) 9mm ammunition;

(iii) empty capsules typically used to package narcotics; and (iv) approximately three grams of crack cocaine, wrapped in plastic on a plate.  Glenn admitted, after being read a *Miranda* warning, that the firearm, ammunition, and narcotics belonged to him.

### B.   Procedural History

On May 9, 2022, a grand jury in this District returned an indictment charging Glenn in four counts.  Count One charged him with being a felon in possession of ammunition in connection with the March 31, 2022 shooting, in violation of 18 U.S.C. § 922(g).  Count Two charged him with being a felon in possession of a firearm and ammunition in connection with the April 27, 2022 search of his apartment, in violation of 18 U.S.C. § 922(g).  Count Three charged him with possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841.  And Count Four charged him with possessing a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

On January 5, 2023, Glenn pled guilty, pursuant to a written plea agreement, to a superseding information charging him with brandishing a firearm in connection with a drug trafficking crime, in connection with the March 31, 2022 shooting, in violation of 18 U.S.C. § 924(c).  Under the terms of the plea agreement, the parties stipulated that the applicable Guidelines sentence is 84 months' imprisonment, which is the mandatory minimum term of imprisonment for that charge.

## II.   Discussion

### A.   Applicable Law

Following *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the Guidelines continue to provide a critical touchstone.  Indeed, while the Guidelines are no longer mandatory, they remain in place, and district courts must "consult" them and "take them into account" when sentencing.  *Booker*, 543 U.S. at 264.  As the Supreme Court has stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States,* 552 U.S. 38, 49 (2007).

After calculating the Guidelines range, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(l)-(7).  *See Gall,* 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant;

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.  The Court Should Impose A Guidelines Sentence of 84 Months' Imprisonment**

The Government respectfully submits that the Court should impose a Guidelines sentence of 84 months' imprisonment, which is also the mandatory minimum term of imprisonment.  This sentence is sufficient, but not greater than necessary, to reflect the severity of the defendant's crime, prevent him from committing other violent crimes for the near future, and deter him from re-offending upon his release.

Glenn's crime was premeditated and extraordinarily dangerous.  After an argument in the middle of the afternoon, Glenn decided to go back to his apartment, get a gun and a mask, walk back to Victim-1, and unleash multiple gunshots on a heavily trafficked sidewalk right near a subway stop.  His crime put Victim-1's life in jeopardy and resulted in Victim-1 suffering a gunshot wound.  It also posed a grave danger to other passersby on the sidewalk or anyone who happened to come out of the subway stop at the wrong time.

The facts of the shooting alone would warrant a significant sentence, but Glenn's conduct both before and after that crime heighten the need for a meaningful term of imprisonment.  Glenn has multiple criminal convictions, including a 2018 drug conviction that resulted in a sentence of three years' imprisonment.  Because of those convictions, Glenn was legally prohibited from even possessing a firearm and should have been well aware with the potential consequences of breaking the law.  Moreover, the fact that, a month after the shooting, law enforcement officers found in Glenn's apartment a firearm, ammunition, and narcotics, shows that Glenn clearly did not change his ways after the March 31, 2022 shooting.  These prior convictions and continued criminal activity reinforce the need for a significant sentence to prevent Glenn from posing a danger to the community in the near term and to deter him from reoffending in the future.

## III.  Conclusion

For these reasons, the Government respectfully submits that the Court should impose a Guidelines sentence of 84 months' imprisonment.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: __/s/ Thomas Burnett_____
Thomas S. Burnett
Assistant United States Attorney
(212) 637-1064